UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALIAH LARRY, individually and on
behalf of all others similarly situated,

    Plaintiff,                                        Civil Action No. 20-CV-11481

vs.                                             HON. BERNARD A. FRIEDMAN

KELLY SERVICES, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

This matter is presently before the Court on plaintiff's motion for leave to file a first amended complaint [docket entry 50]. Defendant has responded and plaintiff has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a Fair Labor Standards Act ("FLSA") collective action brought by a former employee of defendant Kelly Services, Inc. ("KSI"). Plaintiff alleges that she and other similarly situated employees were misclassified as exempt from overtime compensation in violation of the FLSA. On March 1, 2021, the Court granted plaintiff's motion for conditional certification of the proposed collective action and ordered that potential (or "opt-in") plaintiffs must file a notice of consent to join the litigation on or before May 31, 2021. *See* docket entry 37 at 7.

In the instant motion, plaintiff requests leave to file a first amended complaint so as to include alleged "violations of California, Kentucky, and Pennsylvania state wage and hour laws pursuant to Fed. R. Civ. P. 23." Pl.'s Br. at 1. Plaintiff states that opt-in plaintiffs Shirley West, Darby Johnson, and Shahd Majeed would act as class representatives for these claims,

respectively. *See id*. All three proposed representative plaintiffs filed their notices of consent to opt into the collective action on April 9, 2021, or April 16, 2021. *See id.* at 2. Plaintiff contends that

> Kelly Services would not be prejudiced, as the fact discovery deadline is currently December 10, 2021. Kelly Services has ample time to investigate these allegations. Larry's proposed First Amended Complaint alleges Kelly Services misclassified its Recruiters as exempt from overtime pay under California, Kentucky, and Pennsylvania state law. Because the proposed claims concern allegations of exemption misclassification, they relate back to Larry's original complaint. Judicial economy favors bringing these claims in a single Federal Court proceeding, rather than separate state courts across the country.

*Id*. at 2 (citation omitted).

In response, defendant argues that "Plaintiff's proposed amendment would cause substantial prejudice as Plaintiff seeks to expand the size of this action both in terms of the substantive theories at issue and in terms of the persons on whose behalf she seeks to assert such claims." Def.'s Resp. Br. at 7. Defendant states that plaintiff's proposed state law claims allege that defendant did not provide food or rest breaks or proper compensation for such denial, facts that plaintiff did not allege in her original complaint. *See id.* Defendant adds that the FLSA and the various state laws "require different facts, different proof, and different findings." *Id*. at 8. Further, defendant contends that combining the proposed class claims with plaintiff's collective action will cause confusion by requiring "another round of notices to individuals who already declined to opt-in to this action." *Id*. at 9. Defendant next argues that plaintiff knew that defendant "operated nationwide and should have known that she should assert Kentucky, California, and Pennsylvania claims prior to the opt-in period" and, therefore, unreasonably

2

delayed moving to amend her complaint. *Id*. at 11. Finally, defendant asserts that the Court should decline to exercise supplemental jurisdiction over the proposed state claims because of "manageability problems," *id.* at 13, and that plaintiff's proposed amendment is futile. *See id*. at 16-17.

Federal Rule of Civil Procedure 15(a)(2) states that after a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Rule 15 reinforce[s] the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Langley v. Credit Suisse First Boston Corp.*, 89 F. App'x 938, 943 (6th Cir. 2004) (internal quotation marks omitted). Likewise, the Supreme Court has stated that

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her] claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Finally, the Sixth Circuit has clarified that

> [t]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice. In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to

3

> conduct discovery and prepare for trial; significantly delay the
> resolution of the dispute; or prevent the plaintiff from bringing a
> timely action in another jurisdiction.

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (internal quotation marks and citations omitted).

Plaintiff filed the instant motion on May 28, 2021, six to seven weeks after proposed representative plaintiffs had filed their notices of consent to opt into the collective action, three days before the close of the opt-in period, and before defendant had served discovery on any opt-in plaintiff. *See* Pl.'s Br. at 3. Plaintiff indicates that during the six to seven week period between the filing of proposed representative plaintiffs' opt-in notices and the filing of the instant motion plaintiff investigated the state law allegations, including "the claims of subsequent opt-in Plaintiffs, who have filed notices of consent as recently as today" (May 28, 2021). *Id*. With the discovery deadline in this case currently set for December 10, 2021, defendant has just under six months to conduct discovery on plaintiff's three proposed state law claims, as well as the claims outlined in plaintiff's initial complaint. Under these circumstances, the proposed amended complaint was not unduly delayed nor does it unduly prejudice defendant.

The Court also concludes that its supplemental jurisdiction extends over the proposed state law claims. The Sixth Circuit has stated that in order for a federal court to exercise supplemental jurisdiction over a state law claim,

> [t]he state and federal claims must derive from a common nucleus
> of operative fact. But, if considered without regard to their federal
> or state character, a plaintiff's claims are such that he would
> ordinarily be expected to try them all in one judicial proceeding,
> then, assuming substantiality of the federal issues, there is power

4

in federal courts to hear the whole.

*Kubala v. Smith*, 984 F.3d 1132, 1137 (6th Cir. 2021) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). The Sixth Circuit has also stated that supplemental jurisdiction "is a doctrine of discretion whose justification lies in considerations of judicial economy, convenience and fairness to litigants." *Transcon. Leasing, Inc. v. Mich. Nat. Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984) (internal quotation marks omitted) (quoting *Gibbs*, 383 U.S. at 726). The state law claims raised in plaintiff's proposed amended complaint share a common nucleus of operative fact with, and/or would ordinarily be tried in the same judicial proceeding as, the FLSA claim. Moreover, the Court believes that the principles of judicial economy, convenience, and fairness to litigants weigh in favor of granting the instant motion. Accordingly,

IT IS ORDERED that plaintiff's motion for leave to file a first amended complaint is granted. Plaintiff may file her proposed amended complaint within five days of the date of this order.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: June 22, 2021　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan