## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ALIAH LARRY and DARBY JOHNSON and SHAHD MAJEED and SHIRLEY WEST, individually and on behalf of all others similarly situated, | Docket No. 2:20-cv-11481-BAF-EAS <br><br> District Judge Bernard A. Friedman <br> Mag. Judge Elizabeth A. Stafford <br><br> Jury Trial Demanded |
| Plaintiffs, | |
| v. | |
| KELLY SERVICES, INC., | |
| Defendant. | |

**DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFFS' FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND TO DISMISS OR STRIKE PLAINTIFFS' CALIFORNIA CLASS ALLEGATIONS**

Defendant Kelly Services, Inc. ("KSI"), by its attorneys, brings this motion to dismiss in part Plaintiffs' First Amended Class and Collective Action Complaint and to dismiss or strike Plaintiffs' California class-wide allegations. As discussed more fully in KSI's accompanying memorandum of law, Plaintiffs fail to plead sufficient facts in support of their claims for alleged violations of California law and, in particular, fail to allege facts that render such claims susceptible to resolution on a class-wide basis. Accordingly, Defendant respectfully requests that the Court enter an Order dismissing Plaintiffs' First Amended Class and Collective

Action Complaint in part, dismissing or striking Plaintiffs' California class allegations, and awarding Defendant such other relief that the Court deems just and proper.

Pursuant to Local Rule 7.1, there was a conference between attorneys in which Defendant's counsel explained the basis for this motion and relief sought. While Defendant requested concurrence, Plaintiff's counsel did not provide concurrence in the relief sought.

Respectfully submitted,

KELLY SERVICES, INC.

By: s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
gmaatman@seyfarth.com
Jennifer A. Riley
jriley@seyfarth.com
James L. Curtis (MI Bar #P82737)
jcurtis@seyfarth.com
Seyfarth Shaw LLP
Attorneys for Defendant
233 S. Wacker Dr., Suite 8000
Chicago, IL  60606
(312) 460-5000

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ALIAH LARRY and DARBY JOHNSON and SHAHD MAJEED and SHIRLEY WEST, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>KELLY SERVICES, INC.,<br><br>        Defendant. | Docket No. 2:20-cv-11481-BAF-EAS<br><br>District Judge Bernard A. Friedman<br>Mag. Judge Elizabeth A. Stafford<br><br>Jury Trial Demanded |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS IN PART PLAINTIFFS' FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND TO DISMISS OR STRIKE PLAINTIFFS' CALIFORNIA CLASS ALLEGATIONS

Defendant Kelly Services, Inc. ("Defendant" or "KSI"), by its attorneys, pursuant to Local Rule 7.1, hereby respectfully submits the following Memorandum Of Law In Support Of Its Motion To Dismiss In Part Plaintiffs' First Amended Class and Collective Action Complaint And to Dismiss or Strike Plaintiffs' California Class Allegations.

i

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED.................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES........................... iv

TABLE OF AUTHORITIES ..................................................................................v

INTRODUCTION ....................................................................................................1

BACKGROUND .....................................................................................................2

LEGAL STANDARD...............................................................................................3

ARGUMENT ...........................................................................................................4

I.   PLAINTIFF'S CONCLUSORY CALIFORNIA MEAL AND REST
     PERIOD AND UNFAIR COMPETITION ALLEGATIONS FAIL TO
     STATE INDIVIDUAL CLAIMS FOR RELIEF ...........................................4

II.  PLAINTIFFS' CALIFORNIA CLASS ALLEGATIONS ARE
     FACIALLY DEFECTIVE AND SHOULD BE DISMISSED AND /
     OR STRICKEN ...............................................................................................7

     A.   Plaintiffs Cannot Satisfy The Commonality Requirement
          Because Their Claims Are Highly Individualized On Their Face ......11

     B.   Plaintiffs Cannot Satisfy The Typicality Requirement Of Rule
          23 Because They Have Not Alleged Experiences And Injuries
          That Are Typical Of Putative Class Members ....................................13

CONCLUSION ......................................................................................................16

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Does Plaintiffs' First Amended Class and Collective Action Complaint sufficiently allege a failure to provide meal and rest periods in violation of the California Labor Code?

*Suggested Answer: No.*

2.      Does Plaintiffs' First Amended Class and Collective Action Complaint sufficiently allege a claim for unfair competition in violation of the California Business and Professions Code?

*Suggested Answer: No.*

3.      Does Plaintiffs' First Amended Class and Collective Action Complaint sufficiently allege violations of California law capable of resolution on a class-wide basis?

*Suggested Answer: No.*

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

*Davis v. Cintas Corp.*, 717 F.3d 476 (6th Cir. 2013)

*Pilgrim v. Universal Health*, 660 F.3d 943 (6th Cir. 2011)

*Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp. 3d 797 (E.D. Cal. 2017)

*Hall v. Plastipak*, No. 15-11428, 2015 WL 5655888 (E.D. Mich. Sept. 25, 2015)

*Hernandez v. Houdini, Inc.*, No. SA CV 16-1825-DOC (JCGx), 2017 WL 8223987 (C.D. Cal. Mar. 21, 2017)

*Meyers v. Ace Hardware, Inc.*, 95 F.R.D. 145 (N.D. Ohio 1982)

*Soratorio v. Tesoro Ref. & Marketing Co.*, No. CV 17-1554-MWF (RAOx), 2017 WL 1520416 (C.D. Cal. Apr. 26, 2017)

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Abdelfattah v. Carrington Mortgage Servs. LLC*,
  2013 WL 5718463 (N.D. Cal. Oct. 21, 2013) ...................................................11

*Amchem Prod., Inc. v. Windsor*,
  521 U.S. 591 (1997)...........................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................1, 3, 4

*Baker v. Home Depot USA, Inc.*,
  2013 WL 271666 (N.D. Ill. Jan. 24, 2013).......................................................10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................1, 3, 4, 7

*Bond v. Antero Res. Corp.*,
  328 F.R.D. 187 (S.D. Ohio 2018)........................................................................8

*Brown v. Chase Bank, N.A.*,
  2013 WL 1281919 (E.D. Mich. Mar. 26, 2013)..................................................6

*Colley v. Procter & Gamble Co.*,
  2016 WL 5791658 (S.D. Ohio Oct. 4, 2016) ...................................................14

*Davis v. Cintas Corp.*,
  717 F.3d 476 (6th Cir. 2013) ...........................................................................11

*Dejesus v. HF Management Servs., LLC*,
  726 F.3d 85 (2d Cir. 2013) ................................................................................4

*Freeman v. Delta Airlines, Inc.*
  2019 WL 2495471 (E.D. Ky. June 14, 2019)....................................................14

*Gen. Tel. Co. v. Falcon*,
  457 U.S. 147 (1982).............................................................................................9

*Guerrero v. Halliburton Energy Servs., Inc.*,
  231 F. Supp. 3d 797 (E.D. Cal. 2017) ..............................................................15

*Hall v. Plastipak*,
 2015 WL 5655888 (E.D. Mich. Sept. 25, 2015) ..................................................4

*Hernandez v. Houdini, Inc.*,
 2017 WL 8223987 (C.D. Cal. Mar. 21, 2017)..................................................5, 6

*Hill v. Wells Fargo Bank, N.A.*,
 946 F. Supp. 2d 817 (N.D. Ill. 2013)...................................................................11

*Jarrett v. Panasonic Corp. of N. Am.*,
 8 F. Supp. 3d 1074 (E.D. Ark. 2013)....................................................................11

*Johnson v. Geico Choice Ins. Co.*,
 2018 WL 6445617 (N.D. Ohio Dec. 10, 2018) ..................................................10

*Loreto v. Procter & Gamble Co.*,
 2013 WL 6055401 (S.D. Ohio Nov. 15, 2013) ...............................................9, 10

*Meyers v. Ace Hardware, Inc.*,
 95 F.R.D. 145 (N.D. Ohio 1982) ...............................................................*passim*

*Pilgrim v. Universal Health*,
 660 F.3d 943 (6th Cir. 2011) ...........................................................................8, 10

*Rehberger v. Honeywell Int'l, Inc.*,
 2011 WL 780681 (M.D. Tenn. Feb. 28, 2011)....................................................10

*Rikos v. P&G*,
 2012 U.S. Dist. LEXIS 25104 (S.D. Ohio Feb. 28, 2012) .................................10

*Romberio v. Unumprovident Corp.*,
 385 F. App'x 423 (6th Cir. 2009) ........................................................................14

*Soratorio v. Tesoro Ref. & Marketing Co.*,
 2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) ..................................................5, 6

*Wolfkiel v. Intersections Ins. Servs. Inc.*,
 303 F.R.D. 287 (N.D. Ill. 2014)...........................................................................11

**Statutes**

California Business and Professions Code section 17200, *et seq*..............................7

California Labor Code § 203 ..................................................................................13

California Labor Code § 226.7 ...................................................................5

California Labor Code § 512(a) ................................................................5

Fair Labor Standards Act .........................................................................2

**Other Authorities**

Fed. R. Civ. P. 23(c)(1) ............................................................................9

Rule 8(a) .............................................................................................1, 13

Rule 12(f) ...............................................................................................11

Rule 23 ..........................................................................................*passim*

Rule 23(a) ..............................................................................8, 11, 13, 14

Rule 23(a)(2) ..........................................................................................11

Rule 23(b)(1) ............................................................................................8

Rule 23(b)(2) ............................................................................................8

Rule 23(b)(3) ............................................................................................8

Rule 23(d)(1)(D) ....................................................................................11

Rules 12(f) ..............................................................................................11

Rules 23(c)(1)(A) ...................................................................................11

## **INTRODUCTION**

In Plaintiffs' First Amended Class and Collective Action Complaint (the "Amended Complaint"), Plaintiffs assert supposed violations of California law, purportedly on behalf of a class of "California Recruiters."  Plaintiffs, however, fail to plead facts in support of their claims and, in particular, fail to allege facts that render their claims for alleged violations of California law susceptible to resolution on a class-wide basis.  As a result, Plaintiffs' claims for failure to provide meal and rest periods and unfair competition under California law should be dismissed, and Plaintiffs' California class allegations should be dismissed or stricken.  (ECF No. 60-1, Amended Complaint, ¶¶ 107-116.)

First, Plaintiffs' California-based claims are bereft of any factual basis and, therefore, are insufficient as a matter of law under the pleading standards set by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, the Amended Complaint contains nothing more than conclusory allegations.  By failing to include factual support for their claims, Plaintiffs failed to satisfy the pleading requirements of Rule 8(a), and their claims should be dismissed.

Second, Plaintiffs fail to allege facts that would render their class claims on behalf of "California Recruiters" susceptible to resolution on a class-wide basis. To the contrary, Plaintiffs allege that a single individual, Plaintiff West,

supposedly failed to receive overtime compensation or meal breaks as required by the California Labor Code.  Plaintiffs fail to plead facts suggesting any common policy or violation on behalf of putative class members and, as a result, their class claims should be dismissed and/or stricken under relevant Sixth Circuit authority.

Accordingly, for the reasons set forth herein, Plaintiffs cannot pursue claims that they failed to adequately plead and their claims for alleged violations of California law should be dismissed and/or stricken.

## BACKGROUND

On April 10, 2020, Plaintiff Aliah Larry filed a collective action complaint asserting one claim against Defendant for an alleged violation of the Fair Labor Standards Act ("FLSA").  (ECF No. 1.)  Plaintiff asserted her FLSA claim on behalf of members of a potential collective action of "recruiters" at Defendant's locations nationwide who supposedly were subject to Defendant's alleged "practice" of misclassifying employees and failing to pay them overtime for hours they worked in excess of 40 hours in a workweek.  (*Id.* ¶¶ 24-26.)

On May 28, 2021, more than a year after initiating this action, Plaintiff filed a motion for leave to file an Amended Complaint.  (ECF No. 50.)  In Plaintiff's Proposed Amended Complaint, several new plaintiffs asserted new purported causes of action alleging distinct violations on behalf of at least three new putative classes of employees under the laws of three states, including California,

2

Kentucky, and Pennsylvania.  (ECF No. 50-1, Proposed Amended Complaint, ¶¶ 80-117.)  On June 28, 2021, Plaintiff filed the Amended Complaint.  (ECF No. 60).

In the Amended Complaint, Plaintiff West ("West") alleges that she worked for Defendant in California.  She alleges that Defendant failed to pay her overtime compensation and failed to allow her to take meal periods and rest breaks in violation of the California Labor Code.  West seeks to pursue such claims on behalf of herself and on behalf of a putative class of "California Recruiters."  (*Id*. ¶¶ 101-17.)

## **LEGAL STANDARD**

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  A plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id*. at 555.  The "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As a result, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.*  If there are well-pleaded factual allegations, a court may assume their veracity and then determine whether they plausibly give rise to an entitlement to

relief." *Id*. at 679.  A plaintiff must assert "[f]actual allegations" sufficient to "raise a right to relief above the speculative level." *Id*.

## ARGUMENT

## I. PLAINTIFF'S CONCLUSORY CALIFORNIA MEAL AND REST PERIOD AND UNFAIR COMPETITION ALLEGATIONS FAIL TO STATE INDIVIDUAL CLAIMS FOR RELIEF

The newly-added California meal and rest period allegations in the Amended Complaint fail to state a claim upon which relief can be granted because Plaintiff West relies entirely on conclusory allegations.  Mere conclusory allegations, without more, are insufficient to state a claim for relief and must be dismissed.

To state a claim, plaintiffs asserting wage and hour violations must do more than mimic the text of a statute or repeat the elements of a claim.  *Hall v. Plastipak*, 2015 WL 5655888, at *3 (E.D. Mich. Sept. 25, 2015) (citing *Iqbal*, 556 U.S. at 678 (stating that "a formulaic recitation of the elements of a cause of action will not do"); *Dejesus v. HF Management Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (requiring plaintiffs to "do more than repeat the language of the statute" in their pleadings).  Plaintiffs must provide sufficient facts to support their claims that move their asserted violations across the line from a "possibility" to "plausibility." *Id*. (citing *Twombly*, 550 U.S. at 546).

Courts dealing with meal and rest period violations under California law strictly hold plaintiffs to this pleading standard.  For instance, in *Soratorio v. Tesoro Ref. & Marketing Co.*, 2017 WL 1520416, at *6-7 (C.D. Cal. Apr. 26, 2017), the court determined that the complaint – which merely stated that workers were required to work through meal breaks, that the defendants did not provide the required meal or rest breaks, and that defendants suffered and permitted the plaintiff and other employees to work through their meal breaks – was conclusory and failed to show that the defendants prevented the plaintiff from taking the required meal or rest breaks.  As a result, the court granted the defendants' motion to dismiss the plaintiff's claim of meal and rest break violations under California Labor Code sections 226.7 and 512(a).  *Id*.

Similarly, in *Hernandez v. Houdini, Inc.*, 2017 WL 8223987, at *7-8 (C.D. Cal. Mar. 21, 2017), the court dismissed the plaintiff's amended complaint because his claim of meal and rest period violations under California law failed to state the circumstances of the alleged meal and rest period violations.  In particular, the plaintiff did not allege who it was that allegedly cut short or cancelled the plaintiff's meal or rest periods, on what basis they were cut short or cancelled, who ordered the plaintiff and/or others to falsify their time cards, or any other details that made it plausible, as opposed to conceivable, that the defendant failed to provide required meal and rest periods under California Labor Code section 226.7.

The California meal and rest period claims in the Amended Complaint suffer the same deficiencies identified by the courts in *Soratorio* and *Hernandez*: *i.e.*, Plaintiff West relies entirely on conclusory allegations.  For example, the Amended Complaint simply alleges that "[a]s a pattern and practice, Kelly did not provide West with meal-period breaks, and did not provide proper compensation for this failure as required by California law."  (ECF No. 60 ¶ 109.)  Plaintiff West similarly alleges, "[a]s a pattern and practice, Kelly did not provide West with rest-period breaks, and did not provide proper compensation for this failure as required by California law."  (ECF No. 60 ¶ 111.)  Entirely lacking in the Amended Complaint are the factual bases for these claims, including, for example, what policy applied to meal and rest periods, who supposedly prevented Plaintiff West from taking meal and rest periods, and any specific dates on which the alleged acts occurred.  That is precisely the situation that courts routinely find insufficient to support a claim.  *See Soratorio*, 2017 WL 1520416 at *6-7; *Hernandez,* 2017 WL 8223987 at *7-8; *see also Brown v. Chase Bank, N.A.*, 2013 WL 1281919, at *4 (E.D. Mich. Mar. 26, 2013) (holding that conclusory allegations that the defendant failed to do certain things were insufficient to state a plausible claim for relief).

The California unfair competition claim asserted in the Amended Complaint suffers from similar infirmities.  Plaintiffs describe this claim in a single paragraph, which states only that "Kelly has engaged in unlawful, deceptive, and unfair

business practices, pursuant to California's Business and Professions Code section 17200, *et seq*., including those set forth above, depriving West and the California Recruiters of minimum working condition standards and conditions."  (ECF No. 60 ¶ 116.)  Plaintiffs' vague and conclusory allegations are wholly insufficient under the federal pleading standards.  Defendant is entitled to "fair notice" of the claim against it, *Twombly*, 550 U.S. at 555, but here Plaintiffs fail to identify any specific statutory provision Defendant allegedly violated, and fail to set forth facts alleging how Defendant supposedly violated it.  Plaintiffs' unfair competition claims under California law, therefore, also must be dismissed.

Because Plaintiff relies entirely on conclusory allegations and fails to include any facts showing that Kelly prevented West – or anyone else – from taking required meal and rest breaks or that Kelly engaged in unfair competition, Plaintiff's Amended Complaint fails to state a claim under California law. For these reasons, this Court should dismiss such claims.  (ECF No. 60 ¶¶ 107-113).

## II.     PLAINTIFFS' CALIFORNIA CLASS ALLEGATIONS ARE FACIALLY DEFECTIVE AND SHOULD BE DISMISSED AND / OR STRICKEN

Plaintiffs also fail to plead facts suggesting that the Court could resolve their newly asserted California Labor Code claims on a class-wide basis. This is not surprising, as such claims are inherently individualized on their face.  Plaintiffs, therefore, could not ever certify a class under Rule 23 on this present pleading, and

the Court should dismiss and/or strike Plaintiffs' class allegations. *See Pilgrim v. Universal Health*, 660 F.3d 943 (6th Cir. 2011).

To obtain class certification, plaintiffs must satisfy the four prerequisites set forth in Rule 23(a), including that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "These four requirements – numerosity, commonality, typicality, and adequate representation – serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs because class representatives must share the same interests and injury as the class members." *Bond v. Antero Res. Corp.*, 328 F.R.D. 187, 190 (S.D. Ohio 2018).

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Relevant here, "[t]o qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Id.* at 615 (*quoting* Fed. R. Civ. P. 23(b)(3)).

8

Rule 23 requires courts to ascertain the viability of a proposed class "[a]t an early practicable time" after the commencement of the action.  Fed. R. Civ. P. 23(c)(1).  In many cases, courts can determine the viability of a proposed class action from the pleadings alone; the court need not delay a ruling on certification if the complaint demonstrates that discovery would not alter the central defect in the class claim.  *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."); *Meyers v. Ace Hardware, Inc.*, 95 F.R.D. 145, 150 (N.D. Ohio 1982) (holding that the "time is ripe for the Court to consider the class allegations" upon filing of the amended complaint; "The rules on class actions provide in part that as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."); *Loreto v. Procter & Gamble Co.*, 2013 WL 6055401, at *2 (S.D. Ohio Nov. 15, 2013) (holding that courts properly may strike class allegations prior to discovery where discovery will not alter the central defect in the class claim).

In *Meyers*, for instance, plaintiffs brought a nationwide class action contending that the defendants actively engaged in discrimination toward minority employees and alleged that defendants maintained racially discriminatory policies regarding the hiring, retention, and promotion of African-Americans.  95 F.R.D. at

150.  Prior to the plaintiffs' moving for class certification, the court dismissed plaintiffs' class claims, finding that because the named plaintiffs' "grievances" were "highly individualized" and thus plaintiffs were unable to satisfy the commonality, typicality, and adequacy of representation elements of Rule 23.  *Id.* at 149-52.

Where, as here, pleadings are facially defective and definitively demonstrate that a class action cannot be maintained, the court properly may grant a motion to strike class allegations at the pleading stage.  *Pilgrim v. Universal Health*, 660 F.3d 943 (6th Cir. 2011); *see Loreto*, 2013 WL 6055401, at *2 ("A court may strike class action allegations before a motion for class certification where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."); *Rikos v. P&G,* 2012 U.S. Dist. LEXIS 25104, at *9-14 (S.D. Ohio Feb. 28, 2012) (striking class allegations where plaintiff sought to invoke California state law on behalf of non-California class members for injuries that occurred outside of the state).[1]

---

[1] *See also Johnson v. Geico Choice Ins. Co.*, 2018 WL 6445617, at *4 (N.D. Ohio Dec. 10, 2018) (granting defendant's motion to strike and noting that a court may strike class allegations prior to discovery if discovery will not remedy the central defect in the class claim); *Rehberger v. Honeywell Int'l, Inc.*, 2011 WL 780681, at *8 (M.D. Tenn. Feb. 28, 2011) ("[I]f the complaint shows that individual questions will necessarily predominate, the court can strike the class allegations [prior to discovery]."); *Baker v. Home Depot USA, Inc.*, 2013 WL 271666, at *4 (N.D. Ill. Jan. 24, 2013) ("Where pleadings are facially defective and definitively establish that a class action cannot be maintained, the court can properly grant a motion to

Here, Plaintiffs' class allegations are facially improper and should be stricken.

### A.   Plaintiffs Cannot Satisfy The Commonality Requirement Because Their Claims Are Highly Individualized On Their Face

Plaintiffs cannot meet their burden of satisfying Rule 23(a)'s commonality requirement because their claims depend upon facts unique to each individual and therefore require individualized factual inquiries. No amount of discovery would ever change this aspect of the pleading.

Under Rule 23(a)(2), a plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "To satisfy Rule 23(a)(2), a plaintiff's claims must depend upon a common contention . . . [which is] of such a nature that it is capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Davis v. Cintas Corp.*, 717 F.3d

---

strike class allegations at the pleading stage."); *Jarrett v. Panasonic Corp. of N. Am.,* 8 F. Supp. 3d 1074, 1090 (E.D. Ark. 2013) ("Where class allegations are insufficient to support certification, a district court has the authority and discretion to strike those allegations under Rule 23(d)(1)(D)."); *Abdelfattah v. Carrington Mortgage Servs. LLC*, 2013 WL 5718463, at *3 (N.D. Cal. Oct. 21, 2013) (striking class claims pursuant to Rule 12(f) because complaint was deficient on its face); *Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 292-94 (N.D. Ill. 2014) (striking class claims pursuant to Rules 12(f) and 23(c)(1)(A) because the relief sought was inappropriate as a matter of law); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 830, 833 (N.D. Ill. 2013) ("[T]he pleadings make clear that the suit cannot satisfy Rule 23.").

476, 487 (6th Cir. 2013) (internal quotations omitted).  "Where the conduct complained of peculiarly affects the named plaintiffs in a singular way, to the extent that the alleged discriminatory conduct is intimately related to the plaintiffs, then the aspect of commonality is absent."  *Meyers*, 95 F.R.D. at 151 (finding that plaintiff's "grievances are highly individualized and could not possibly possess any common factual or legal traits relevant to the class").  The nature of the alleged conduct is highly individualized and not capable of class-wide resolution.

In the Amended Complaint, Plaintiffs do not allege facts showing that "California Recruiters" were denied overtime pay or meal or rest periods under California law.  Rather, only West asserts that Defendant supposedly denied her overtime and meal period claims in violation of the California Labor Code.[2]

Such discrepancy is particularly palpable given Plaintiffs' allegations relative to their Pennsylvania-based and Kentucky-based overtime claims.  In support of their asserted Pennsylvania and Kentucky claims, Plaintiffs contend, albeit in conclusory fashion, that some policy or practice impacted each class member.  (*See id*. ¶ 98 ("Kelly has and had a policy and practice of misclassifying

---

[2] *Compare* ECF No. 60 ¶ 106 ("Although West regularly worked seven days a week, for at least 12 hours a day, they did not receive the 'double time' compensation required by California law"), ¶ 108 ("West did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more"), and ¶ 109 ("As a pattern and practice, Kelly did not provide West with meal-period breaks"), with ¶ 110 ("West and the California Recruiters did not receive any rest periods during their shifts of 12 or more hours").

Majeed *and each Pennsylvania Class Member* as exempt from overtime pay and failing to pay these workers overtime") (emphasis added); ¶ 88 ("Kelly has and had a policy and practice of misclassifying Johnson *and each Kentucky Class Member* as exempt from overtime pay and failing to pay these workers overtime") (emphasis added).

Yet for the California-based claims, Plaintiffs assert only that Plaintiff West suffered damages and fail to include any similar allegations to support their California class claims. (*Id*. ¶¶ 106, 112, 113, 117 ("West is entitled to restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.").) Plaintiffs cannot satisfy Rule 8(a)'s pleading requirements or maintain a class claim when they cannot allege facts supporting any common contentions among putative class members for supposed violation of California law.

## B. Plaintiffs Cannot Satisfy The Typicality Requirement Of Rule 23 Because They Have Not Alleged Experiences And Injuries That Are Typical Of Putative Class Members

Plaintiffs also fail to sufficiently allege facts establishing that their claims are typical to those of the proposed California-based class. Specifically, the claims asserted by West are inherently individualized to her own unique, alleged experiences, and do not transpose to any members of the proposed class.

Rule 23(a) mandates a finding of typicality in order to maintain a lawsuit as a class action. *See Meyers*, 95 F.R.D. at 151. "The typicality requirement

demands that the named plaintiffs be proper members of that class with the disputed issue occupying essentially the same degree of centrality to their claim as to that of other members of their purported class." *Id*. The concept of typicality is directed at the claims of the named plaintiffs, in which it is required that these individuals demonstrate that their claims and defenses are typical to those of the class. *See id*. Where class members' claims turn on individual permutations that varied from person to person, the Sixth Circuit has made clear that the claims of the named plaintiffs are not typical. *See Romberio v. Unumprovident Corp.*, 385 F. App'x 423, 431 (6th Cir. 2009); *Colley v. Procter & Gamble Co.*, 2016 WL 5791658, at *9 (S.D. Ohio Oct. 4, 2016); *see also Freeman v. Delta Airlines, Inc.*, 2019 WL 2495471, at *17 (E.D. Ky. June 14, 2019) ("[T]he typicality requirement is not satisfied when a plaintiff can prove his own claim but not 'necessarily have proved any[one] else's claim.'").

Allegations as to other employees that consist of mere generalities and conclusory statements cannot support typicality under Rule 23(a). *See Colley*, 2016 WL 5791658, at *9 (holding that Plaintiffs' allegations that their claims are typical of the claims of the class and that the class members' claims arise from a common course of conduct, pattern and practice, and legal theories do not satisfy the typicality requirement, and that "[p]roof of causation for one named plaintiff will not establish that other class members are entitled to relief").

14

Here, the Amended Complaint cannot support certification of "California Recruiters" class claims under California law for overtime, meal, or rest period violations because the sparse, conclusory allegations in the Amended Complaint explicitly apply only to Plaintiff West.[3]  With regard to overtime, Plaintiffs allege only that "West regularly worked seven days a week, for at least 12 hours a day" and do not allege that any other putative class member similarly worked the same number of days or hours per day such that he or she would be entitled to overtime pay.  (ECF No. 60 ¶ 106.)  Likewise, for the meal break allegations, Plaintiffs state only that "West did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more[,]" that "Kelly's policy failed to provide West with the legally mandated meal period breaks[,]" and that "[s]uch a pattern, practice, and uniform administration of corporate policy as described herein … creates an entitled [sic] to recovery *by West* in a civil action."  (*Id*. ¶¶ 108, 113 (emphasis added).)

Plaintiffs mention putative class members only when they assert the conclusion that "West and the California Recruiters did not receive any rest periods during their shifts of 12 or more hours."  Such a conclusory and threadbare allegation is insufficient to support a class claim.  *See Guerrero v. Halliburton*

---

[3] The dismissal of Plaintiffs' class claims for overtime, meal, and rest period violations under California law would also necessitate dismissal of the unfair competition claims.

*Energy Servs., Inc.*, 231 F. Supp. 3d 797, 806 (E.D. Cal. 2017) (dismissing class-wide meal and rest break claims where plaintiff alleged that he and other class members did not receive requisite meal and rest periods and that the employer's policies and practices did not provide legally compliant meal periods because such allegations were too vague and conclusory to support a claim for relief).  Plaintiffs fail to provide any facts to suggest that their allegations as to West apply to or could be extrapolated across all other "California Recruiters."  (ECF No. 60 ¶¶ 109, 111, 113.)

The absence of any concrete facts is fatal to any attempt to transform a single Plaintiff's allegations into a class-wide claim for overtime, meal periods, or rest breaks, as well as any purported violation of California unfair competition law.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff West's meal and rest period claims and unfair competition claims under the California Labor Code and California Business and Professions Code and dismiss and/or strike all of the Plaintiffs' class claims purportedly on behalf of "California Recruiters" with prejudice.

16

**DATED:  July 12, 2021**                    Respectfully submitted,

                                         KELLY SERVICES, INC.


                                         By: _s/ *Gerald L. Maatman, Jr.*_

                                             Gerald L. Maatman, Jr.
                                             gmaatman@seyfarth.com
                                             Jennifer A. Riley
                                             jriley@seyfarth.com
                                             James L. Curtis (MI Bar #P82737)
                                             jcurtis@seyfarth.com
                                             Seyfarth Shaw LLP
                                             Attorneys for Defendant
                                             233 S. Wacker Dr., Suite 8000
                                             Chicago, IL  60606
                                             (312) 460-5000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he served a copy of the foregoing

**Defendant's Memorandum of Law in Support of Its Motion to Dismiss In Part**

**Plaintiff's Amended Complaint and to Dismiss or Strike Plaintiffs' California**

**Class Allegations** on the following through the Court's electronic case filing

system on this 12th day of July 2021:

Andrew W. Dunlap
Michael A. Josephson
Carl A. Fitz
Josephson Dunlap LLP
11 Greenway Plaza
Suite 3050
Houston, TX 77046
(713) 352-1100
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

Attorneys for Plaintiff

By:  /s/ *Gerald L. Maatman, Jr.*