UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALIAH LARRY, DARBY JOHNSON, SHAHD
MAJEED, and SHIRLEY WEST, individually
and on behalf of all others similarly situated,

    Plaintiffs,                                          Civil Action No. 20-CV-11481

vs.                                                      HON. BERNARD A. FRIEDMAN

KELLY SERVICES, INC.,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS
IN PART PLAINTIFFS' FIRST AMENDED COMPLAINT AND TO
DISMISS/STRIKE PLAINTIFFS' CALIFORNIA CLASS ALLEGATIONS**

This matter is presently before the Court on defendant's motion "to dismiss in part plaintiffs' first amended class and collective action complaint and to dismiss or strike plaintiffs' California class allegations" [docket entry 61]. Plaintiffs have responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiffs are former recruiters for defendant Kelly Services, Inc. ("KSI"), a nationwide employment and staffing agency based in Michigan. Am. Compl. ¶¶ 8, 14, 16, 18. Plaintiffs allege that KSI failed to pay them and other similarly situated employees "overtime pay as required by the Fair Labor Standards Act ('FLSA'), the Kentucky Wage and Hour Act ('KWHA'), the Pennsylvania Minimum Wage Act ('PMWA'), and the California Labor Code ('CLC'). Instead, [KSI] improperly classified [them] as exempt employees and paid them a salary with no overtime compensation." *Id*. ¶¶ 1-2. Plaintiffs also seek certification of four classes pursuant to Fed. R. Civ. P. 23 – one federal class ("FLSA Recruiters") and three state-based classes ("Kentucky Recruiters,"

"Pennsylvania Recruiters," and "California Recruiters"). *See id*. ¶¶ 21-28.

Plaintiffs' amended complaint contains five claims: (1) violation of § 7 of the FLSA (29 U.S.C. § 207); (2) violation of the KWHA (KY. REV. STAT. ANN. §§ 337.050, 337.285); (3) violation of the PMWA (42 PA. CONS. STAT. § 333.104, 34 PA. CODE § 231.43(b)); (4) violation of the CLC (§§ 226.7, 510, 512); and (5) violation of the California Unfair Competition Law ("UCL") (CAL. BUS. & PROF. CODE § 17200, *et seq*.). For relief, plaintiffs seek unpaid overtime, other damages available under the relevant state statutes, and attorney fees.

**I. Legal Standard**

In the instant motion, defendant argues that plaintiffs' California-based claims and proposed class of "California Recruiters"[1] should be dismissed. The Supreme Court, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955

---

[1] Plaintiffs' proposed class of "California Recruiters" is defined as "[a]ll current and former recruiters that worked for [KSI] in California who were paid a salary during the last four (4) years." Am. Compl. ¶ 27.

> (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S. Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

**II. Defendant's Motion to Dismiss in Part**

Defendant contends that plaintiffs' California-based claims are "bereft of any factual basis and, therefore, are insufficient as a matter of law." Def.'s Br. at 1. Defendant argues that both the "California meal and rest period claims" under the CLC and the California unfair competition claim fail to state the circumstances of the alleged violations and/or identify any specific statutory provision that defendant allegedly violated. *See id*. at 5-7. Rather, defendant contends, plaintiffs rely on conclusory allegations in violation of the pleading standard set forth in *Iqbal*.

As to the proposed class of California Recruiters, defendant argues that "Plaintiffs . . . fail to plead facts suggesting that the Court could resolve their . . . [CLC] claims on a class-wide basis." Def.'s Br. at 7. Defendant contends that because plaintiffs' California-based class claims are "individualized" to lead plaintiff West's "own unique, alleged experiences," plaintiffs cannot meet Rule 23(a)'s commonality and typicality requirements – i.e., as framed, West's experiences could not have been shared by or typical of her fellow California class members. *Id*. at 11-13. Defendant notes

that, as compared to plaintiffs' Pennsylvania-based and Kentucky-based overtime claims, in which plaintiffs contend that "some policy or practice impacted each class member[,] . . . . for the California-based claims, Plaintiffs assert only that Plaintiff West suffered damages and fail to include any similar allegations to support their California claims." *Id*. at 12-13. Defendant argues further that "[t]he dismissal of Plaintiffs' class claims for overtime, meal, and rest period violations under California law would also necessitate dismissal of the unfair competition claims." *Id*. at 15 n.3.

In response, plaintiffs argue that defendant "only seeks to heighten the pleading standard and prematurely delve into the merits of Plaintiffs' California claims." Pls.' Resp. Br. at 1. As to the proposed class of California Recruiters, plaintiffs contend that they sufficiently pled commonality and typicality by alleging that KSI's "failure to pay overtime and provide meal and rest breaks in violation of California law is the result of [KSI's] uniform policies and practices." *Id*. at 6-9. Plaintiffs argue that KSI "cherry-picks which allegations it chooses to ignore to support its argument," and that if read as a whole, "there can be no doubt that [the amended complaint] . . . sufficiently allege[s] common violations of California law (including [KSI's] failure to pay its California Recruiters overtime and provide meal and rest breaks as a result of its exemption policy) applicable to the entire California class." *Id*. at 9-10.

Plaintiffs add that "[d]etailed factual allegations are not required [at the pleading stage,] and a complaint must include only 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. at 11 (quoting *Twombly*, 550 U.S. at 570). Plaintiffs argue that they have met this burden as to both their CLC and UCL claims. As to plaintiffs' CLC claims, they allege that "West and the California Recruiters' schedules entitled them to meal and rest breaks, and that when they were entitled to such breaks, Kelly, as a pattern and practice, never provided them." *Id*. at 14. Plaintiffs state that "such allegations are sufficient because Plaintiffs are 'not required to allege the

non-existence of something, such as rest [or meal] periods, with any greater specificity than [they] ha[ve] done here.'" *Id*. (quoting *Ambriz v. Coca Coal Co.*, No. 13-CV-3539-JST, 2013 WL 5947010, at *5 (N.D. Cal. Nov. 5, 2013)). As to plaintiffs' UCL claims, they argue that "because [these] claims "are predicated on [KSI's] violation of the FLSA and California overtime laws, the relevant theory is the 'unlawful' prong[2] under the UCL. . . . Thus, if a plaintiff sufficiently pleads a claim under another law (e.g., the FLSA and/or California labor laws) the Court should not dismiss the UCL claims." *Id*. at 16. Plaintiffs add that "[s]hould the Court perceive that some aspect of Plaintiffs' Amended Complaint is deficient, Plaintiffs request permission to amend under Rule 15(a)(2)." *Id*. at 17.

**II. Analysis**

In relevant part, plaintiffs' complaint contains the following allegations in support of their California-based claims and proposed class of California Recruiters:

> As a pattern and practice, [KSI] did not provide West with meal-period breaks, and did not provide proper compensation for this failure as required by California law. Although the California Labor Code requires that all employees, including West, receive a 10-minute rest period for every four hours worked, West and the California Recruiters did not receive any rest periods during their shifts of 12 or more hours. Cal. Lab. Code § 512; IWC Wage Orders #1-2001 through #17-2001. As a pattern and practice, [KSI] did not provide West with rest-period breaks, and did not provide proper compensation for this failure as required by California law. West [and the California Recruiters are] entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their

---

[2] Section 17200 of the California Business and Professions Code states:

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

>lawfully required meal- and rest-periods. Cal. Lab. Code § 512; IWC Wage Orders #1-2001 through #17-2001. [KSI]'s policy failed to provide West with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitle[ment] to recovery by West in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512. As a result of [KSI]'s failure to comply with federal and state law, [KSI] has also violated the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

Am. Compl. ¶¶ 106-15.

Reading the amended complaint in the light most favorable to plaintiffs and accepting the facts alleged as true, the Court concludes that plaintiffs have met their burden under the *Twombly-Iqbal* pleading standard and the Federal Rules of Civil Procedure. Rule 8(a)(2) states that a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' allegations that KSI systematically denied West and her fellow class members the breaks and overtime compensation they were due under the FLSA and CLC constitute a short and plain statement showing that plaintiffs are entitled to relief both under the CLC and the UCL's "unlawful" prong.

As to the proposed class of California Recruiters, in order to proceed as a class action, Rule 23(a) requires plaintiffs establish that

>(1) the class is so numerous that joinder of all members is impracticable;
>(2) there are questions of law or fact common to the class;
>(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>(4) the representative parties will fairly and adequately protect the interests of the class.

"These four requirements—numerosity, commonality, typicality, and adequate representation—serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs

because class representatives must share the same interests and injury as the class members." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013).

In the instant motion to dismiss in part, defendant argues that plaintiffs cannot meet Rule 23(a)'s commonality and typicality requirements. The Supreme Court has stated that

> [c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law. Their claims must depend upon a common contention . . . . That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (internal quotation marks and citation omitted). As to typicality, "[a] claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (internal quotation marks omitted).

The Sixth Circuit has stated that "an action is not maintainable as a class action merely because it is designated as such in the pleadings." *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974). However, while "[m]aintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, . . . ordinarily the determination should be predicated on more information than the pleadings will provide." *Id*. "Class certification is appropriate if the court finds, after conducting a 'rigorous analysis,' that the requirements of Rule 23 have been met." *In re Whirlpool Corp.*, 722 F.3d at 851.

In the present case, the Court concludes that it is premature to rule on the maintainability of plaintiffs' proposed California class. While each of plaintiffs' proposed classes

7

must meet Rule 23's various requirements in order to be certified, the parties have yet to reach this stage in the litigation. At present, the Court lacks the information necessary to conduct a rigorous analysis under Rule 23(a). Moreover, based on the facts alleged in plaintiffs' amended complaint, it is possible that plaintiffs will be able to meet Rule 23's class certification requirements, and the commonality and typicality requirements in particular. Plaintiffs' allegations that West was denied her rest breaks, meal breaks, and overtime compensation due to KSI's "pattern, practice, and uniform administration of corporate policy," as described within plaintiffs' California and federal claims, are not so "highly individualized" as to rule out the possibility of class certification. The Court shall therefore wait to rule on the viability of plaintiffs' proposed class of California Recruiters until a motion to certify the class is filed. For these reasons,

IT IS ORDERED that defendant's motion to dismiss in part plaintiffs' first amended complaint and to dismiss/strike plaintiffs' California class allegations is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: August 19, 2021                        SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan