UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALIAH LARRY, DARBY JOHNSON, SHAHD MAJEED, SHIRLEY WEST and TAUHEEDAH ROBINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KELLY SERVICES INC.,<br><br>Defendant. | Case No. 2:20-CV-11481-DPH-EAS<br><br>Judge Denise P. Hood<br><br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT [ECF NO. 185] AND SETTING HEARING DATE FOR FINAL APPROVAL**

Plaintiffs Aliah Larry, Darby Johnson, Shahd Majeed, Shirley West, and Tauheedah Robinson (collectively, "Plaintiffs"), individually and on behalf of others allegedly similarly situated, have moved for preliminary approval of a proposed class action and collective action settlement. After review of Plaintiffs' and Defendant Kelly Services, Inc.'s ("Defendant" or "Kelly") (together with Plaintiffs, the "Parties") Class Action and Collective Action Settlement Agreement, together with the exhibits thereto, as well as Plaintiffs' Unopposed Motion for Preliminary Approval and supporting documents, and after hearing arguments of counsel for the Parties, the Court finds and orders as follows:

1

1.      The Court finds on a preliminary basis that the settlement ("Settlement") memorialized in the "Class Action and Collective Action Settlement Agreement" (the "Settlement Agreement") is fair, reasonable, and adequate and resolves a *bona fide* dispute between, on the one hand, the Plaintiffs, Opt-In Plaintiffs, and Rule 23 Class Members, and on the other hand, Defendant. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with wage & hour class action and collective action litigation in general and with the legal and factual issues of this case.

2.      The Court has considered the pleadings and arguments made by the Plaintiffs in support of the motion for preliminary approval and finds that provisional certification of the proposed Rule 23 classes described in the Settlement Agreement is proper and that they should be provisionally certified for settlement purposes. The Court further finds that the Settlement was entered into at arm's length by highly experienced counsel providing excellent representation. Solely for the purposes of the proposed Settlement, the following Rule 23 classes are hereby provisionally certified for purposes of settlement only pursuant to Rule 23 of the Federal Rules of Civil Procedure: (a) all current and former Recruiting Position Workers who performed work for Defendant within: (i) the Commonwealth of Kentucky at any time between June 28, 2016, and the date of Preliminary Approval of the Settlement, or July 10, 2023, whichever is later; (ii) the Commonwealth of Pennsylvania at any

time between June 28, 2018, and the date of Preliminary Approval of the Settlement, or July 10, 2023, whichever is later; and (iii) the State of Illinois at any time between December 19, 2019, and the date of Preliminary Approval of the Settlement, or July 10, 2023, whichever is later (the "Alleged Misclassification Class"); and (b) all current and former Recruiting Position Workers who performed work for Defendant in the State of California at any time between June 28, 2017, and the date of Preliminary Approval of the Settlement, or July 10, 2023, whichever is later (the "California Class"). These classes are collectively referred to herein as the "Rule 23 Class" or "Rule 23 Classes."

3. Solely for the purposes of settlement, the Court finds that: (1) the Rule 23 Classes are so numerous that joinder is impracticable; (2) questions of law and fact are common to the Rule 23 Classes; (3) the claims of the Class Representatives are typical of the claims of the Rule 23 Classes; and (4) the Class Representatives will fairly and adequately protect the interests of the Rule 23 Class members. Further, for purposes of settlement only, the Court finds that the proposed Rule 23 Classes meet the predominance and superiority requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure. Certification of the Rule 23 Classes for settlement purposes is the best means of protecting the interests of all of the members of the Rule 23 Classes. Because Defendant has consented to jurisdiction for settlement purposes only, the Court has jurisdiction over all settled claims.

4. The Court further finds that conditional certification of the Collective Action described in the Settlement Agreement for settlement purposes is appropriate and authorizes the Parties to send the Notice of Settlement to the Opt-In Plaintiffs as defined in the Settlement Agreement. Such notice is justified because the Parties have shown that the Court likely will be able to approve the Settlement Agreement under 29 U.S.C. § 216(b) and likely will be able to show the appropriateness of final certification of the Collective Action for purposes of settlement.

5. The Court finds it likely that it will be able to approve the Settlement Agreement under 29 U.S.C. § 216(b) because the Settlement Agreement is the result of arm's-length negotiations between highly experienced and able attorneys who are familiar with FLSA collective action litigation in general and with the legal and factual issues of this case and who have adequately represented the proposed membership of the collective action.

6. The Court also finds that the Settlement Agreement provides adequate relief to Rule 23 Class Members, considering the costs, risks, and delay associated with trial and appeal, as well as the effectiveness of the proposed distribution of Settlement Payments to Claimants.

7. Solely for the purposes of the proposed Settlement, the Court preliminarily approves Michael A. Josephson of Josephson Dunlap LLP as Class Counsel on behalf of the Rule 23 Class Members and Opt-In Plaintiffs.

8. The Court also hereby preliminarily approves Aliah Larry, Darby Johnson, Shahd Majeed, Shirley West, and Tauheedah Robinson as Class Representatives.

9. The Court appoints Rust Consulting as the Settlement Claims Administrator.

10. The Court approves, as to form and content, (i) the proposed Notice Plan, which includes a Notice of Settlement and a Claim Form; and (ii) the General Release and Waiver attached to the Settlement Agreement as Exhibits. The Court finds that the procedures for notifying the Rule 23 Class Members about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs distribution of the Notice Packet to Rule 23 Class Members as set forth in the Settlement Agreement.

11. A hearing, for purposes of determining whether the Settlement should be finally approved for purposes of Rule 23 and/or 29 U.S.C. § 216(b) shall be held before this Court on **May 1, 2024, at 2:00 p.m., in Courtroom 218, U.S. District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226**. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Class Action and Collective Action Litigation on the terms and conditions provided for in the

Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for Service Payments to be made to the Named Plaintiffs and Service Award Recipients.

12. No later than thirty (30) calendar days after the Court enters the Preliminary Approval Order, Defendant shall transmit the payment required by the Settlement Agreement by wire transfer (or other appropriate means) to the Qualified Settlement Fund ("QSF"). If the Court decides not to enter a Final Approval Order and Judgment for any reason, then the entire amount in the Settlement Account, including any interest earned on that amount, will be returned to Defendant, less any Administration Costs expended up to that point. No other funds shall be added to or comingled with the QSF except as provided for by the Settlement Agreement. In no event shall the Claims Administrator withdraw, transfer, pledge, impair, or otherwise make use of the funds in the QSF except as expressly provided in the Settlement Agreement.

13. With respect to the QSF, the Claims Administrator shall comply with all of the limitations, duties, and requirements set forth in the Settlement Agreement and all applicable federal, state, and local laws.

14. The QSF, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment,

6

hypothecation, transfer, or similar process by any third party, including any Rule 23 Class Member.

15. Until the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order and Judgment, the Named Plaintiffs, Opt-In Plaintiffs, Claimants, and all Rule 23 Class Members who do not timely submit valid Requests for Exclusion, and anyone acting on any of their behalf, shall be barred and enjoined from: (a) further litigation in this case; and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate in an individual or class action or collective action basis any action, claim, or proceeding against Defendant in any forum based on any of the claims released in the Settlement Agreement, or taking any steps that in any way would prevent any such claims from being extinguished.

16. As of the Effective Date, if it occurs, each and every claim released in the Settlement Agreement by each of the Named Plaintiffs, Opt-In Plaintiffs, Claimants, and Rule 23 Class Members who have not timely submitted valid Requests for Exclusion shall be deemed to be conclusively and forever released as against Defendant and the Released Parties. As of the Effective Date, if it occurs, all Named Plaintiffs, Opt-In Plaintiffs, Claimants, and Rule 23 Class Members who have not timely submitted valid Requests for Exclusion are forever barred and

enjoined from prosecuting the claims released in the Settlement Agreement against Defendant.

17. All Rule 23 Class Members who do not opt out of the Settlement by submitting a timely Request for Exclusion shall be bound by all determinations and judgments in the Class Action and Collective Action Litigation concerning the Settlement, whether favorable or unfavorable to the Rule 23 Classes or Rule 23 Class Members.  Further, all Named Plaintiffs, Rule 23 Class Members, Opt-In Plaintiffs, and Claimants shall be bound by all determinations and judgments in the Class Action and Collective Action Litigation concerning the Settlement, whether favorable or unfavorable.

18. To receive a Settlement Payment under the Settlement, Opt-In Plaintiffs and Rule 23 Class Members must complete, execute, and mail a Claim Form to the Claims Administrator so that it is postmarked or received no later than the Claim Deadline, as specified in the Settlement Agreement, except that the Named Plaintiffs are not required to submit Claim Forms to receive their Settlement Payments.  With the exception of the Named Plaintiffs, any Opt-In Plaintiff or Rule 23 Class Member who does not submit a timely, complete, and fully executed Claim Form will not receive a Settlement Payment.

19. All Rule 23 Class Members objecting to the terms of the Settlement must do so in writing no later than the Claim Deadline and subject to the terms and

conditions set forth in the Settlement Agreement. The written objection must be mailed to the Clerk of the Court and the Claims Administrator on or before this date.

20. Any Rule 23 Class Member who wishes to be excluded ("Opt Out") from the Rule 23 Classes and not participate in the proposed Settlement must complete and submit a Request for Exclusion, and it must be postmarked or received by the Claims Administrator no later than the Claim Deadline as specified in the Settlement Agreement.

21. Any Rule 23 Class Member may enter an appearance in the Class Action and Collective Action Litigation, at his or her own expense, individually or through counsel of his or her own choice. Any Rule 23 Class Member who does not enter an appearance or Opt Out of the Rule 23 Classed will be represented by Class Counsel.

22. Any Rule 23 Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, as to why the proposed Settlement of the Class Action and Collective Action Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon; provided, however, that (i) no Rule 23 Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Rule 23 Class Member or person has, no later than the Claim

Deadline, mailed to the Clerk of the Court and Claims Administrator written objections explaining the basis of the objection; and (ii) no Rule 23 Class Member or any other person shall be heard or entitled to comment in favor of the proposed Settlement unless that Rule 23 Class Member or person has, no later than the seven (7) days prior to the Final Approval Hearing, mailed to the Clerk of the Court and Claims Administrator written notice of his or her comments and/or intent to appear and comment in favor of the Settlement at the Final Approval Hearing. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Rule 23 Class Member or other person who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement.

23. In the event that the Effective Date (as defined in the Settlement Agreement) does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

24. The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

25. To the extent any prior order of this Court related to this Class Action and Collective Action Litigation is inconsistent with any of the terms or provisions

contemplated by this Order or the Settlement Agreement, the terms in this Order and the Settlement Agreement shall govern, and such prior orders shall be hereby modified so as to allow the terms, provisions, and activities contemplated by the Settlement Agreement until such time as the Settlement is finally approved or deemed null and void.

26. The Court therefore GRANTS the Motion for Preliminary Approval of Settlement and for Preliminary Certification of Class and Collection Action [ECF No. 185] and preliminary approves the proposed Settlement.

IT IS SO ORDERED on this 11th day of December, 2023

                                        S/DENISE PAGE HOOD
                                        DENISE PAGE HOOD
                                        United States District Judge