## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ALIAH LARRY, DARBY JOHNSON, SHAHD MAJEED, SHIRLEY WEST and TAUHEEDAH ROBINSON, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>KELLY SERVICES INC.,<br>            Defendant. | Case No. 2:20-CV-11481-DPH-EAS<br><br>Judge Denise P. Hood<br><br>Magistrate Judge Elizabeth A. Stafford |

## <u>FINAL ORDER AND JUDGMENT</u>

This matter having come before the Court on Plaintiffs' Unopposed Motion and Memorandum in Support of Final Approval of Class and Collective Action Settlement of the above-captioned matter (the "Action") between Plaintiffs Aliah Larry, Darby Johnson, Shahd Majeed, Shirley West, and Tauheedah Robinson ("Plaintiffs"), and Kelly Services, Inc., ("Defendant") (collectively, "the Parties"), as set forth in the Class and Collective Action Settlement Agreement, between Plaintiffs and Defendant (the "Settlement Agreement"), due and adequate notice having been given to the Opt-In Plaintiffs and Rule 23 Class Members, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises:

IT IS HEREBY ORDERED:

1.     Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2.     The Court-approved Notice of Class Action Settlement and Claim Form (together, "Notice") was distributed by the Settlement Administrator, Rust Consulting, Inc., to Opt-In Plaintiffs and Rule 23 Class Members by direct mail. The Notice and the method of distribution satisfied due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure and constitute the best notice practicable under the circumstances.

3.     The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, and is supported by the Named Plaintiffs and Class Counsel. The Named Plaintiffs and Class Counsel adequately represented the Opt-In Plaintiffs and Rule 23 Class Members for purposes of entering into and implementing the Settlement Agreement.

4.     The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Sixth Circuit. The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Opt-In Plaintiffs and Rule 23 Class Members in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages and in maintaining the class

and collective action through trial and appeal. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the released claims and Released State Law Claims. The Court finds that the consideration to be paid to the Opt-In Plaintiffs and Rule 23 Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

5.     The Court grants final certification of the classes that the Court previously certified for settlement purposes in its Preliminary Approval Order. The Rule 23 Class is defined collectively as the following:

a.     The "Alleged Misclassification Class" means all current and former Recruiting Position Workers who performed work for Defendant within:  (i) the Commonwealth of Kentucky at any time between June 28, 2016, and the date of Preliminary Approval of the Settlement, or July 10, 2023, whichever is later; (ii) the Commonwealth of Pennsylvania at any time between June 28, 2018, and the date of Preliminary Approval of the Settlement, or July 10, 2023, whichever is later; and (iii) the State of Illinois at any time between December 19, 2019, and the date of Preliminary Approval of the Settlement, or July 10, 2023, whichever is later.

b.     The "California Class" means all current and former Recruiting Position Workers who performed work for Defendant in the State of California at any time between June 28, 2017, and the date of Preliminary Approval of the Settlement, or July 10, 2023, whichever is later.

Excluded from the Rule 23 Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a

timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors or assigns of any such excluded persons.

6.     No Rule 23 Class Members submitted objections, and no Rule 23 Class Members submitted timely and complete Requests for Exclusion to exclude themselves from the Settlement.

7.     The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of the Opt-In Plaintiffs and Rule 23 Class Members. The Court finds that: (a) the strength of the Named Plaintiffs', Opt-In Plaintiffs', and Rule 23 Class Members' claims weighed against the Defendants' defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Fund of $3,150,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties, with the assistance of a neutral mediator; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving FLSA and analogous state law claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Rule 23 Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the

parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

8.      The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions.  The Parties, including all Opt-In Plaintiffs and Rule 23 Class Members that have not submitted a timely, valid, and complete Request for Exclusion, are bound by the terms and conditions of the Settlement Agreement.

9.      Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

10.     Subject to the terms and conditions of the Settlement Agreement, individuals who previously filed consent to join forms in this litigation but subsequently withdrew such consents are dismissed from this action with prejudice. These individuals include Kayla Klopp, Andrew Ghilarducci, Kimberly Morris, and Stephanie Hilz.

11.     Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses this matter on the merits and with prejudice.

12.     Upon the Effective Date, the Named Plaintiffs release and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature

and description whatsoever, known or unknown, asserted or that might have been asserted against Defendant and the Released Parties, whether in tort, contract, or for violation of any state or federal statute, rule, or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the execution hereof with the sole exception of any claims which cannot be released as a matter of law

13. Upon the Effective Date, Opt-In Plaintiffs and Rule 23 Class Members who have not returned a timely, complete, and valid Request for Exclusion shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released the Released Parties from applicable state and local law claims that were or could have been asserted in the Second Amended Class Action Complaint through the date of preliminary approval, including but not limited to any claims for alleged unpaid wages (including overtime), retaliation relative to any complaints made regarding allegedly unpaid overtime, regular, straight-time or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties, failure to pay all wages due in a timely manner, including upon employment termination;

and contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement under the laws of the states of Kentucky, Pennsylvania, California, and Illinois, including any claim for liquidated or multiple damages, penalties, restitution, interest, attorneys' fees or costs, declaratory relief, equitable relief, or injunctive relief for any such claims (the "Released State Law Claims").

14.     Upon the Effective Date of the Settlement Agreement, all Opt-In Plaintiffs and all Claimants,, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge the Released Parties from any claims that were or could have been asserted in the Lawsuit through the date of preliminary approval, including but not limited to any and all suits, actions, causes of action, claims or demands brought pursuant to federal law for unpaid wages (including overtime wages), damages, reimbursements, unpaid advances, civil and/or statutory penalties, liquidated damages, punitive damages, multiple damages, interest, attorneys' fees, litigation costs, restitution, and/or equitable relief in any relating to or arising from their employment or work for Defendant or the Released Parties including for any and all claims that were or could have been asserted in the Lawsuit from the beginning of the relevant time period through the Effective Date of the Settlement, including without limitation any claims under the FLSA, any applicable federal laws, statutes,

regulations, ordinances, or wage orders for alleged unpaid overtime, regular, straight-time, or minimum wages; retaliation relative to any complaints made regarding allegedly unpaid overtime, regular, straight-time, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; and contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Settlement (collectively, the "Released Federal Claims") and the Released State Law Claims.

15.     Upon entry of this Final Approval Order and Judgment, the Named Plaintiffs, Opt-In Plaintiffs, Claimants, and all Rule 23 Class Members who do not timely submit valid Requests for Exclusion, and anyone acting on any of their behalf, shall be barred and enjoined from: (a) further litigation in this case; and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate in an individual or class action or collective action basis any action, claim, or proceeding against Defendant in any forum based on any of the claims released

in the Settlement Agreement, or taking any steps that in any way would prevent any such claims from being extinguished.

16.    As of the Effective Date, each and every claim released in the Settlement Agreement by each of the Named Plaintiffs, Opt-In Plaintiffs, Claimants, and Rule 23 Class Members who have not timely submitted valid Requests for Exclusion shall be deemed to be conclusively and forever released as against Defendant and the Released Parties.  As of the Effective Date, if it occurs, all Named Plaintiffs, Opt-In Plaintiffs, Claimants, and Rule 23 Class Members who have not timely submitted valid Requests for Exclusion are forever barred and enjoined from prosecuting the claims released in the Settlement Agreement against Defendant.

17.    Opt-In Plaintiffs and Rule 23 Class Members that completed, executed, and either mailed, emailed, or faxed a Claim Form to the Claims Administrator so that it was postmarked or received no later than the Claim Deadline, as specified in the Settlement Agreement, are entitled to receive a Settlement Payment, except that the Named Plaintiffs are not required to submit Claim Forms to receive their Settlement Payments.  With the exception of the Named Plaintiffs, any Opt-In Plaintiff or Rule 23 Class Member who did not submit a timely, complete, and fully executed Claim Form will not receive a Settlement Payment.

18.    The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement

Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of Rule 23 Class Members.

19.     The Court awards $13,272.00 to the Settlement Administrator, RUST Consulting, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

20.     The Court awards Settlement Class Counsel $1,102,500 in attorney fees and $62,118.92 in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement. The Court finds that the attorneys' fee award here, which equates to 35% of the Settlement Fund, is in line with fee awards provided in similar cases in this District and is reasonable in light of both the risk that Class Counsel took on in accepting the case and the relief Class Counsel ultimately obtained for the Named Plaintiffs, Opt-In Plaintiffs, and Rule 23 Class Members.

21.     The Court awards Named Plaintiffs Aliah Larry, Darby Johnson, Shahd Majeed, Shirley West, and Tauheedah Robinson $5,000.00 each as a Service Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

22.     To the extent that a check issued to a Named Plaintiff, Opt-In Plaintiff, or Rule 23 Class Member is not cashed within ninety (90) days after the date of issuance, such funds shall be returned to Defendant.

23.     Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

IT IS SO ORDERED on this  11th  day of June, 2024

_s/Denise Page Hood_____
*United States District Judge*